UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NAHSHON JACKSON,

                  Plaintiff,

     -against-

GLEN S. GOORD, GEORGE J. BARTLETT,
CHRISTOPHER P. ARTUZ, R. SEITZ, A. PELC,
GEORGE A. SMITH, MCCLEAN,
LYNN FORGIT, J.P. REILLY, HENNESSEY
AND SHAMBO

                  Defendant.

MEMORANDUM DECISION
AND ORDER
97 CV 7149 (GBD)(MHD)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

     Pro se Plaintiff brought this action alleging several violations of his constitutional rights. As the basis of his claims, Plaintiff asserts that (1) he was exposed to a host of toxic and dangerous environmental conditions, (2) he was denied adequate medical care for various maladies, (3) he was denied due process in a disciplinary hearing, (4) he was sexually assaulted by a prison officer, (5) his legal dictionary was improperly confiscated from him, and (6) he was improperly removed from his work site at the prison. Following the completion of discovery, Defendants filed a Motion for Summary Judgment. This Court referred the matter to Magistrate Judge Michael H. Dolinger for a Report and Recommendation. Magistrate Judge Dolinger issued a Report and Recommendation ("Report") recommending that the Defendants' Motion for Summary Judgment be granted with respect to all of Plaintiff's claims, except for the environmental claims. This Court previously adopted the Report's recommendation.

     Defendants subsequently filed a supplemental Motion for Summary Judgment on the environmental claims. The Court again referred the matter to Magistrate Judge Dolinger for a Report and Recommendation. Magistrate Judge Dolinger issued a Report and Recommendation

("Report II") recommending that the Defendants' Motion for Summary Judgment be denied. The Court adopts Report II's recommendation that Defendants' Supplemental Motion for Summary Judgment on the environmental claims be denied.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within Report II. 28 U.S.C. § 636(b)(1). When there are objections to a report, the Court must make a de novo determination of those portions of the report to which objections are made. Id.; see also Rivera v. Barnhart, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a report are made, the Court may adopt the report if there is no clear error on the face of the record. Adee Motor Cars, LLC v. Amato, 388 F. Supp.2d 250, 253 (S.D.N.Y. 2005) (citation omitted). In his report, Magistrate Judge Dolinger advised the parties that failure to file timely objections to Report II would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Neither party filed objections.

Magistrate Judge Dolinger determined that considering all the evidence presented by the parties, a reasonable fact-finder could find that Plaintiff was exposed to an unreasonable risk of serious harm from the environmental conditions. As to Plaintiff's specific environmental claims, Magistrate Judge Dolinger found that (1) the additional evidence proffered by Defendants did not suffice to show an absence of dispute as to the material facts concerning the conditions in the

auto body shop, (2) Defendants failed to provide any evidence disputing Plaintiff's claim that he was exposed to asbestos for four to five hours a day over an extended period of time, or Plaintiff's claim that there is a risk to his health as a result of such exposure, (3) Defendants proffered no evidence with respect to Plaintiff's complaints about his cell having poor ventilation, inadequate heating and hot water and also misrepresented the record, (4) Plaintiff's evidence as to the quality of water and whether or not it posed a serious risk to Plaintiff remains a triable issue, and (5) Defendants failed to provide additional evidence regarding the exposure to cigarette smoke claim. Furthermore, Magistrate Judge Dolinger determined that whether or not Defendants acted with deliberate indifference remained a triable issue of fact. Similarly, Magistrate Judge Dolinger found that the issue of whether or not defendant Christopher Artuz was personally involved in any of Plaintiff's environmental claims also remains a triable issue. In light of the Defendants' failure to demonstrate the absence of triable issues of fact, the magistrate judge correctly denied Defendants' Supplemental Motion for Summary Judgment on the environmental claims.

After carefully reviewing Report II, the Court finds that the report is not facially erroneous, and adopts Report II in its entirety. Accordingly, the Defendants' supplemental Motion for Summary Judgment on the environmental claims is denied.

Dated: New York, New York
September 21, 2009

SO ORDERED:

GEORGE B. DANIELS
United States District Judge